UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

VERONICA JOHNSON, Individually and as Personal
Representative of the Wrongful Death Beneficiaries of
BRANDON T. JOHNSON, SR., DECEASED, and as
Mother and Next Friend of B.T. JOHNSON, a Minor
and as Mother and Next Friend of J. JOHNSON, a Minor          PLAINTIFFS

V.                                                            CIVIL ACTION NO. 2:09cv113-M-S

HANKOOK TIRE MFG. CO., LTD., a Foreign
Corporation; HANKOOK TIRE AMERICA CORP.,
A Foreign Corporation; FORD MOTOR COMPANY; and
JOHN DOES 1-10                                                DEFENDANTS

**ORDER**

Before the court is Hankook Tire's Combined Motion to Strike and For Protective Order. This court previously denied Hankook's motion to quash the deposition subpoena of Don Lee and motion for protective order (# 72). Hankook had filed the prior motions on the ground that Lee had entered into a confidentiality agreement with Hankook which prevented him from disclosing confidential and proprietary information, including trade secrets. Though the court denied the motions, it specifically instructed that the plaintiff not ask for any of the aforementioned information during Lee's deposition.

By the instant motion, Hankook charges that plaintiff's counsel violated the court's previous order and specifically elicited information from Lee that is within the scope of the confidentiality agreement between Lee and Hankook, is proprietary in nature, and involves trade secrets. The plaintiff responds mainly that the information Hankook identifies in its motion does not amount to trade secrets because it is generally known in the tire industry. The court finds that while most of the testimony complained about fails to meet the definition of trade secrets,[1] those portions that specifically refer to

---

[1] A trade secret is defined as a " 'formula, pattern, device or compilation of information which is used in one's business and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.' " *ACI Chems., Inc. v. Metaplex, Inc.,* 615 So.2d 1192, 1195 (Miss.1993) (quoting *Cataphote Corp. v. Hudson,* 422 F.2d 1290, 1293 (5th Cir.1970)). "Where a process or idea

how Hankook does business, including its manufacturing processes and procedures, amount to confidential proprietary commercial information. Additionally, the court finds that this testimony falls within the scope of the confidentiality agreement between Lee and Hankook. Accordingly, this information is entitled to protection.

  **THEREFORE, IT IS ORDERED:**

  1. That the motion to strike and for protective order is hereby granted in part and denied in part.

  2. That the motion to strike is denied as unnecessary.

  3. That the motion for protective order is hereby granted with respect to all testimony identified in Hankook's motion, **except page 36, lines 1-11 and page 41, lines 13-16.** Those portions of Mr. Lee's deposition transcript to which the protective order is granted are hereby deemed confidential proprietary commercial information and may only be disclosed subject to the provisions of an agreed protective order. **The parties shall submit such a proposed agreed order to the court within ten (10) days of this date.**

  4. That those portions of Mr. Lee's deposition transcript currently filed under restricted access shall remain under such restriction until further order of the court.

  SO ORDERED this 21st day of June, 2010.

                    /s/ David A. Sanders
                     U. S. Magistrate Judge

---

is so common, well known or readily ascertainable that it lacks all novelty, uniqueness and originality, it necessarily lacks the element of privacy necessary to make it legally cognizable as a trade secret." *Cataphote Corp. v. Hudson,* 444 F.2d 1313, 1315 (5th Cir. 1971).