UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

VERONICA JOHNSON, Individually and as Personal
Representative of the Wrongful Death Beneficiaries of
BRANDON T. JOHNSON, SR., DECEASED, and as
Mother and Next Friend of B.T. JOHNSON, a Minor
and as Mother and Next Friend of J. JOHNSON, a Minor                    PLAINTIFFS

V.                                                          CIVIL ACTION NO. 2:09cv113-M-A

HANKOOK TIRE MFG. CO., LTD., a Foreign
Corporation; HANKOOK TIRE AMERICA CORP.,
A Foreign Corporation; FORD MOTOR COMPANY; and
JOHN DOES 1-10                                                          DEFENDANTS

## ORDER

Before the court are the plaintiff's motion to hold in abeyance protective order (# 106) and amended motion for reconsideration of the court's June 21, 2010 Order, denying Defendant Hankook Tire's motion to strike and granting in part motion for protective order (# 108). By the June 21 Order, the court found that certain portion's of Mr. Lee's deposition were entitled to protection because they contained testimony regarding confidential proprietary commercial information. The court also found the testimony was subject to a confidentiality agreement between Lee and Hankook. By the instant motion, the plaintiff essentially rehashes the same arguments she made in opposition to Hankook's initial motions but also presents new evidence, including affidavits from tire experts in support of her argument that the subject testimony contains information that is generally known in the tire industry and is therefore not trade secrets.

As an initial matter, the court finds that the plaintiff's submission of additional materials on a motion for reconsideration that she could have offered prior to the court's ruling is improper. *See Knight v. Kellogg Brown & Root Inc.*, 333 F. App'x 1, 8 (5th Cir. 2009). Nevertheless, the court finds the plaintiff's "new evidence" is not pertinent because the court has already determined that

Hankook failed to show that the subject testimony contained trade secrets. Because the plaintiff has failed to persuade the court that its prior ruling was made in error, the instant motion will be denied.

In the interest of clarity, however, it should be understood that while the court found that the subject deposition testimony should be protected because it contained Hankook's confidential business information and was within the scope of a legitimate confidentiality agreement, nothing in the order should be interpreted as prohibiting disclosure of the information to the parties involved in this lawsuit. Accordingly, the court's ruling should only be construed as finding that Hankook is entitled to a protective order which merely limits disclosure of the subject information.

Furthermore, by the court's prior ruling, the parties were given an opportunity to draft a proposed agreed protective order that complied with the court's ruling. To date, however, the court has received separate proposed orders and been advised that the parties could not reach an agreement regarding all provisions of the order. Accordingly,

**IT IS ORDERED :**

1. That the plaintiff's amended motion for reconsideration is hereby **DENIED**;

2. That the plaintiff's motion to hold submission of protective order in abeyance is **DENIED**;

3. That within 7 days of this date, Defendant Hankook Tire shall submit to the undersigned a revised proposed protective order that is consistent with the court's prior ruling and this order. The plaintiff shall have 5 days to submit any objections to Hankook's proposed order.

SO ORDERED this 21st day of July, 2010.

/s/ David A. Sanders
U. S. Magistrate Judge