IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

VERONICA JOHNSON, individually and as
Personal Representative of the Wrongful Death
Beneficiaries of BRANDON T. JOHNSON, SR.,
Deceased, and as Mother and Next Friend of
B.T. JOHNSON, a Minor and as Mother
And next friend of J. JOHNSON, a Minor                         PLAINTIFFS


VS.
                                                               CAUSE NO. 2:09 CV113-M-S

HANKOOK TIRE MFG., CO., LTD., a
Foreign corporation; HANKOOK TIRE
AMERICA CORP., a foreign corporation;
FORD MOTOR COMPANY, a foreign
Corporation; AND JOHN DOES 1-10                                DEFENDANTS


**PROTECTIVE ORDER**

IT IS ORDERED THAT:

     1.  This Order shall govern those portions of the deposition testimony of Don Lee that this Court deemed confidential proprietary commercial information in its Order dated June 21, 2010 [Doc. 104].  This Order shall govern the designated portions of Don Lee's deposition obtained by any party from another party, all information derived therefrom, and all copies, excerpts and summaries thereof.  This information shall be referred to herein as "Designated Material."

     2.  All Designated Material, identified in accordance with Paragraph 3, *infra*, shall be treated as confidential and protected both during the pendency of and subsequent to the termination of this action.  Such Designated Material and all copies thereof shall be used solely for the purpose of this litigation in strict accordance with the provisions contained herein, and not for any other purpose.  All Designated Material may be disclosed to non-attorneys only to the extent necessary for the preparation of this case. Control and distribution of all Designated Material covered by this Order shall be the responsibility of the attorneys of record for each party.

     3.  Pursuant to the previous Motion for Protective Order filed by Hankook Tire [Doc. 87], granted in part in this Court's Order [Doc. 104], this Court gives notice that the portions of Don Lee's deposition containing the following testimony, referenced by page and line number, shall be considered Designated Material:

- Page 16 line 14 through page 17 line 14
  Page 19 lines 12 through 21
  Page 20 lines 15 through 24
  Page 21 lines 2 through 5
- Page 25 lines 3 through 15

- Page 25 line 23 through page 26 line 15
- Page 26 line 19 through page 27 line 4
- Page 27 line 12 through page 28 line 1
- Page 28 lines 8 through 13
- Page 29 lines 2 through 13
- Page 30 line 10 through page 31 line 19
- Page 32 line 24 through page 33 line 3
- Page 33 line 24 through page 34 line 16
- Page 34 line 22 through page 35 line 14
- Page 37 lines 10 through 19
- Page 37 line 24 through page 38 line 21
- Page 43 lines 6 through page 44 line 9

4. The Designated Material may not be disclosed to the general public. It may only be used in connection with this lawsuit and may be disclosed only to:

a. Counsel for the parties to this lawsuit, including in-house counsel, co-counsel, and such attorneys' staff;

b. Third party experts and consultants, whose technical advice and consultation are being or will be used in connection with this lawsuit, and their staffs;

c. Individuals or employees of any third party organization retained to render litigation support services in this lawsuit;

d. The reporter transcribing the deposition involving Designated Material;

e. The Court and its staff; and

f. The parties.

5. The disclosures as described in Paragraph 4, *supra*, of this Protective Order may be made provided that no disclosure shall be made to any person employed by any competitor of Hankook Tire except upon further order of this Court.

6. The parties will attempt to resolve any disputes about the status or use of Designated Material on an informal basis at the time the dispute arises.

7. No party or person to whom Designated Material is disclosed pursuant to this Protective Order may use or disclose such Designated Material or information contained or derived therefrom, other than in a manner described by Paragraph 4, *supra*, of this Protective Order, except as permitted or required by an order of the Court. Prior to disclosing any Designated Material to any person or organization identified in subparagraphs 4(b)-(c) above, such person or organization must agree in writing to be bound by the terms of this Protective Order. This shall be done through valid execution of the form attached hereto as Exhibit "A," after having the recipient read the Protective Order and having counsel for the disclosing party

explain the contents hereof to the recipient. Counsel for the disclosing party shall retain the originals of these forms.

8. The Designated Material identified herein has previously been filed with the Court under "RESTRICTED ACCESS." Such Designated Material shall remain under "RESTRICTED ACCESS" until further order of the Court.

9. This Protective Order shall not abrogate or diminish any pre-existing contractual, statutory, or other legal obligations or rights of any party with respect to Designated Material.

10. Within sixty (60) days of final termination of this lawsuit, including all related appeals, unless otherwise agreed to in writing, each parties' counsel shall forward all copies and summaries of Designated Material to counsel of record for Hankook Tire or securely destroy the protected material, including any material which any such party disclosed to any person described in paragraphs 4 ( a), (b), and (c), *supra,* and certify such destruction to counsel for Hankook Tire.

11. No restrictions imposed by this Order may be terminated except by an order of this Court upon stipulation executed by counsel of record for all parties or upon motion of any party for good cause shown and granted by the Court. The termination of this action shall not eliminate the duty of a party, person, or entity receiving Designated Material in the course of this action to maintain the confidentiality of the Designated Material as set forth in this Order.

12. Nothing in this Order shall be construed as precluding a party from seeking and obtaining from the Court such additional protection with respect to the confidentiality of information as that party considers appropriate.

SO ORDERED this, the 5th day of August, 2010.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE

# WRITTEN ASSURANCE

STATE OF _____

COUNTY OF _____

I, _____, hereby attest to my understanding that the testimony, information, or documents designated confidential are provided to me pursuant to the terms and conditions and restrictions of the Protective Order dated August 5, 2010 in <u>Veronica Johnson, et al. v. Hankook Tire Mfg., Co., Ltd., et al.</u>, case number 2:09cv113-M-S, in the United States District Court, Northern District of Mississippi, Delta Division, that I have been given a copy of and have read that Protective Order, and that I hereby agree to be bound by it and its terms. I further agree that I shall not disclose to others, except in accordance with that Protective Order, such testimony, information, or documents, including notes or other memoranda or writing regarding information contained in them, and that such testimony, information, or documents shall be used only for the purpose of the legal proceeding in which they are produced. I further agree and attest to my understanding that my obligation to honor the confidentiality of such testimony, information, or documents will continue even after the termination of this legal proceeding. I further agree and understand that the documents, information, or testimony I receive are to remain in my personal custody until I have completed my assigned duties and/or the completion of this litigation, whereupon they are to be returned to counsel who provided them to me. I further agree and attest to my understanding that, in the event that I fail to abide by the terms of that Protective Order, I may be subject to sanctions, including sanctions by way of contempt of court, imposed by the Court for such a failure. Further, I agree to subject myself to the jurisdiction of the United States District Court for the Northern District of Mississippi, Delta Division, in and for any contempt proceeding or other appropriate sanctions as the Court may deem proper for a violation of the Court's Protective Order.

_____

SWORN TO AND SUBSCRIBED before me this \_\_\_\_day of _____ 20\_\_\_.

_____
NOTARY PUBLIC

My Commission Expires:

_____

# EXHIBIT "A"

Jackson 5317182v1