IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

VERONICA JOHNSON, INDIVIDUALLY, AND
AS PERSONAL REPRESENTATIVE OF THE WRONGFUL
DEATH BENEFICIARIES OF BRANDON T. JOHNSON, SR.,
DECEASED, AND AS MOTHER AND NEXT FRIEND OF
B.T. JOHNSON, A MINOR AND AS MOTHER AND
NEXT FRIEND OF J. JOHNSON, A MINOR                   PLAINTIFF

VERSUS                         NO. 2:09cv113-M-S

HANKOOK TIRE MFG. CO., LTD, a
foreign corporation; HANKOOK TIRE AMERICA CORP.,
a foreign corporation; FORD MOTOR COMPANY,
a foreign corporation; AND
JOHN DOES 1-10                             DEFENDANTS

**CONFIDENTIALITY AND PROTECTIVE ORDER
FOR DOCUMENTS PRODUCED BY HANKOOK TIRE CO., LTD. AND
BY HANKOOK TIRE AMERICA CORP.**

THIS CAUSE came before this Court upon motion of Hankook Tire Co., Ltd. and Hankook Tire America Corp., and the Court having considered the motion and the court file, and otherwise being fully-advised in the premises, it is hereby

ORDERED AND ADJUDGED:

1. Each party may designate as CONFIDENTIAL INFORMATION any trade secret or other information believed in good faith by the designing party to be trade secret or confidential research, development, or commercial information.

2. This Confidentiality and Protective Order (hereinafter "Order") shall be applicable to documents and certain discovery responses as defined by Federal Rules of Civil Procedure and deposition testimony to be produced in this lawsuit titled *Veronica Johnson, et al. v. Hankook Tire Mfg. Co., Ltd., et al., pending in the United States District Court, Northern District of Mississippi,*

*Delta Division,* Case No. 2:09CV113-M-S (hereinafter referred to as the "Lawsuit"), and any other material or information hereafter furnished by or on behalf of any party or any person associated with any party in connection with this Lawsuit, that produced documents, information, or testimony (including by deposition or at trial), which contains or is designated as CONFIDENTIAL INFORMATION in accordance with the procedure set forth herein.

      3.      For purposes of this Order, CONFIDENTIAL INFORMATION may include or be included in any document, physical object, tangible thing or the factual knowledge of persons, such as by way of example and not by limitation, recorded statements of counsel, transcripts, pleadings, motions, briefs, answers to interrogatories and other responses to discovery requests, drawings, compositions, devices company records and reports, summaries, notes, abstracts and any other instrument which contains CONFIDENTIAL INFORMATION. CONFIDENTIAL INFORMATION includes information that constitutes trade secrets or other confidential research, development or commercial business information that a) is not generally available to others, b) is not readily determinable from other sources, c) has been treated as confidential by Hankook Tire Co., Ltd. ("HTCL") and Hankook Tire America Corp. ("HTAC")(collectively, "Hankook Tire"), and d) is reasonably likely to lead to competitive injury if disclosed. Hankook Tire shall use good faith in marking as CONFIDENTIAL INFORMATION only those documents that contain confidential information.

      4.      Any information or documents produced at any time, either voluntarily or pursuant to order, orally or in writing in this litigation, which is asserted by any party to contain or constitute CONFIDENTIAL INFORMATION shall be so designated by that party in writing as follows:

            A.      Documents and things shall be clearly and prominently marked on their face with the legend: CONFIDENTIAL INFORMATION in an area that does not

        impede the visibility of the content of the document produced; and

B.   If such CONFIDENTIAL INFORMATION is contained or given in any deposition testimony, trial testimony or any other testimony, the transcript may be designated as containing CONFIDENTIAL INFORMATION in accordance with this Agreement by notifying the parties on the record at the time the testimony is given, or in writing within thirty (30) days of receipt of the transcript by specifying the specific pages and lines of the transcript which, based on good faith determination that any portions so designated contain CONFIDENTIAL INFORMATION as defined herein. To the extent possible, any portions so designated shall be transcribed separately and marked by the court reporter as CONFIDENTIAL INFORMATION. Until expiration of the above thirty (30) day period, all deposition transcripts and information therein will be deemed CONFIDENTIAL INFORMATION.

C.   By designating a document CONFIDENTIAL INFORMATION pursuant to this document, a party represents that it has made a bona fide, good faith determination that the document does, in fact, contain CONFIDENTIAL INFORMATION as defined herein.

D.   Should any party produce a copy of an original document in its possession and designate that document as one containing CONFIDENTIAL INFORMATION in accordance with the procedure set forth in paragraph 3(A), (B) and (C) above, the producing party shall be deemed to have agreed that the document is an authentic copy of its original.

5. CONFIDENTIAL INFORMATION and the portion of all writings, including the portion of pre-trial court papers, that quote from, summarize, or comment upon such materials shall be treated as confidential under this order.

6. The restrictions upon, and obligations accruing to, persons who become subject to this "Order" shall not apply to any information produced in accordance with this "Order" as to which this Court or another court having jurisdiction over the production of information for this matter rules, after proper notice and hearing, that such information is not CONFIDENTIAL INFORMATION as defined in Paragraph 1 hereof.

7. All CONFIDENTIAL INFORMATION which a party intends to file with the Court, including all depositions, or any portion or portions of depositions which contain(s) CONFIDENTIAL INFORMATION, and all papers (including affidavits and memoranda of law) purporting to reflect CONFIDENTIAL INFORMATION, prior to being filed, must be preceded by a motion to seal pursuant to Uniform Local Rule 79(e)(3). Such information will be treated as sealed pending the outcome of the ruling on the motion which will ultimately be decided under the express authority of the Court and by order of the Court pursuant to Uniform Local Rule 79 of the United States District Court for the Northern and Southern Districts of Mississippi.

8. CONFIDENTIAL INFORMATION shall be held in confidence and may be shown, disseminated or disclosed only to the following persons:

> A. The Court, its staff, witnesses and jury in this Lawsuit or any other court having jurisdiction over discovery procedures in this Lawsuit;
>
> B. A deponent in this Lawsuit, during the course of his or her examination, who is a current or former employee of any of the parties, or is an author, addressee, or other recipient of such material;

C. All attorneys of record for the parties in this Lawsuit retained in or working on the prosecution, defense, appeal or settlement of this Lawsuit, and the employees of such counsel assigned to assist them, and any other attorney or their employees associated to assist in the preparation of this Lawsuit for trial;

D. The parties or their employees in this Lawsuit;

E. Any experts or consultants used or retained by counsel for the preparation or trial of this Lawsuit to aid in the prosecution, defense, appeal or settlement of this Lawsuit. Prior to receiving any information designated CONFIDENTIAL INFORMATION, any such expert must first be shown a copy of this Order and must sign a declaration in the form of Exhibit "A." Such declaration shall be retained by counsel for the receiving party until the ultimate and final outcome of the case. Upon the ultimate and final outcome of the case, the signed declarations must be provided by counsel for the receiving party to counsel for the producing party within thirty (30) days. In the event that consulting expert of the receiving party receives CONFIDENTIAL INFORMATION, but is not later designated as a testifying expert, counsel for receiving party may redact that consulting expert's identity before providing the signed declaration to counsel for producing party following the ultimate and final outcome of the case. Counsel for receiving party must retain the identity of the non-designated testifying expert for the duration of its document retention policy. A list of persons and materials provided to those persons will be disclosed to the producing party

at the ultimate and final outcome of the case. Names of consulting experts who are not designated as testifying experts may be redacted from the list, but the list must identify that such an expert did receive provided materials.

F.  Such other persons in this Lawsuit as may be subsequently designated either by written agreement of the parties after a request by one of them, or by order of the Court upon motion of either party, after notice to the opposing party;

G.  Translators retained by the parties for the preparation or trial of the instant case.

H.  Attorneys of record having pending lawsuits against HTCL that involve a LT235/75R15 Sport King A/T tire manufactured in 2002 and that also involve allegations of tread belt separation, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of Hankook Tire and provided that the party wishing to make such disclosure of HTCL's CONFIDENTIAL INFORMATION gives twenty (20) days advance notice in writing to the producing party who designated such information as CONFIDENTIAL, and shall simultaneously furnish the names and addresses of the attorney(s) to whom the disclosure will be made, the caption of that other litigation, the docket number and the name of the party that such attorney represents, identifying with particularity the documents to be disclosed and stating the purpose of such disclosure. If, within a ten (10) day period a motion is filed objecting to the proposed disclosure, disclosure is not permissible until the Court has denied such motion. The Court will deny the motion unless the objecting party shows good cause why the

proposed disclosure should not be permitted.

9. Before being given access to CONFIDENTIAL INFORMATION, each person described in paragraphs 8(B), (D), (E), (F), (G), and (H) shall be advised of the terms of this Order, shall be given a copy of this Order, and shall agree in writing to be bound by its terms and to submit to the jurisdiction of this Court, pursuant to execution of Exhibit "A" to this Order.

10. Attendance at a deposition at which CONFIDENTIAL INFORMATION is disclosed or discussed shall be limited to persons authorized to receive such information pursuant to the provisions of Paragraph 8, except for court reporters, videographers and/or interpreters. The presence of court reporters, videographers and/or interpreters does not waive any of the terms of this Agreement.

11. All CONFIDENTIAL INFORMATION produced in accordance with the provisions of this Agreement shall be used by the recipient solely for purposes of this Lawsuit by the recipient shall mean use only in prosecuting or defending this Action, in testimony and exhibits at the trial and appeal of this Lawsuit, or in the connection with motions, depositions or witnesses' preparation subject to the restrictions of this Agreement, but such use shall not include, *inter alia*, use for or in connection with any commercial activity, including but not limited to research, development, manufacture, sale or marketing of any product (including without limitation software), process, or service, or for purposes of publicity, or in any other legal proceeding.

12. If the Court orders that access to or dissemination of information submitted as CONFIDENTIAL INFORMATION shall be made to persons other than those identified in Paragraph 8 above, such CONFIDENTIAL INFORMATION shall only be accessible to, or disseminated to, such persons based upon the conditions pertaining to, obligations arising from this Agreement, and such persons shall be considered subject to this Agreement, unless the Court orders

that the information is not CONFIDENTIAL INFORMATION as defined by Paragraph 1 hereof.

13. If a party to this Agreement who is to receive or receives any CONFIDENTIAL INFORMATION in accordance with this Agreement disagrees with respect to its designation as CONFIDENTIAL INFORMATION, in full or in part, such receiving party shall notify the designating party in writing, and the recipient and the designating party shall thereupon confer as to the status of the subject information proffered within the context of this Agreement. If the recipient and the producing party are unable to agree upon the status of the subject information within ten (10) days of the initial notice of dispute, any party to this agreement may challenge the propriety of such designation by a motion to the Court, which shall decide the issue. Any motion regarding such a dispute must be presented to the Court sufficiently in advance of the discovery deadline to allow a response and ruling by the Court. The Court may raise the issue of designation of information as confidential without any request from a party. All confidential materials filed by a party must be filed with the intention of being sealed and must be accompanied by a motion to seal as described in Paragraph 7 of this Order. Such materials will be treated as sealed until the Court has decided on the motion to seal and the propriety of the designation. The parties may move for an *in camera* inspection in lieu of filing the documents under seal.

14. Plaintiffs' Counsel in this litigation shall return all copies of CONFIDENTIAL INFORMATION at the end of this litigation or provide a sworn affidavit, EXHIBIT "B", confirming the destruction of all CONFIDENTIAL INFORMATION produced, including all copies, notes, direct quotes, translations, descriptions, summaries, indices, transcripts, rendering, photographs, recordings, floppy discs, compact discs, DVDs, other magnetic or electronic media, and physical or electronic reproductions of every kind of such CONFIDENTIAL INFORMATION, whether in the possession of said counsel or in the possession of each person described in Paragraphs 8 (A), (B),

(D), (E), (F), (G) and/or (H) to whom plaintiffs' counsel in this litigation provided CONFIDENTIAL INFORMATION.

15. Any party may produce for inspection documents or things containing CONFIDENTIAL INFORMATION that is inadvertently not marked or designated in accordance with Paragraph 4 above. A party may, within thirty (30) days of disclosure, mark or designate such documents or copies of those documents containing CONFIDENTIAL INFORMATION in accordance with Paragraph 4.

16. Nothing in this Agreement shall be deemed a waiver of any right any party otherwise might have under the Freedom of Information Act, the Mississippi Statutes, or the doctrines of attorney-client privilege or attorney work product.

17. This Court shall retain jurisdiction of all matters pertaining to this Agreement, and all parties to this case are deemed to submit to the jurisdiction of this Court for matters relating to the enforcement of this Agreement. This Agreement shall survive the final conclusion of this Lawsuit and continue in full force and effect, and the Court shall retain jurisdiction to enforce this Agreement.

18. This Agreement shall be governed and construed in accordance with the law of the State of Mississippi.

DONE AND ORDERED this 17th day of November, 2010.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

VERONICA JOHNSON, individually and as
Personal Representative of the Wrongful Death
Beneficiaries of BRANDON T. JOHNSON, SR.,
Deceased, and as Mother and Next Friend of
BRANDON T. JOHNSON, a Minor and as Mother
And next friend of JULIAN JOHNSON, a Minor　　　　　　　　　　　　PLAINTIFFS

VS.　　　　　　　　　　　　　　　　　　　　　　CAUSE NO. 2:09 CV113-M-S

HANKOOK TIRE MFG., CO., LTD., a
Foreign corporation; HANKOOK TIRE
AMERICA CORP., a foreign corporation;
FORD MOTOR COMPANY, a foreign
Corporation; AND JOHN DOES 1-10　　　　　　　　　　　　　　　DEFENDANTS

## EXHIBIT "A"

I hearby acknowledge and affirm that I have read the terms and conditions of the Agreed Confidentiality Agreement and Protective Order entered in *Veronica Johnson, et al. v. Hankook Tire Mfg. Co., Ltd., et al., pending in the United States District Court, Northern District of Mississippi, Delta Division*, Case No. 2.09CV113-M-S. I understand the terms of the Order and under oath consent to be bound by the terms of the Order as a condition to being provided access to Confidential Documents or information derived there from. Further, by executing this Written Assurance, I hereby consent to the jurisdiction of the above-captioned Court for the special and a limited purpose of enforcing the terms of the Agreed Protective Order. I also agree, pursuant to the terms of the Order to return all Confidential Documents, including copies thereof, to Plaintiffs' counsel or Defendants' counsel, at the conclusion of this litigation so that they may be returned to the party that produced them.

I recognize that all civil remedies for breach of this Written Assurance are specifically reserved by the parties to the litigation and are not waived by the disclosure provided for herein.

Further, in the event of the breach of the Written Assurance, I recognize that parties to this litigation may pursue all civil remedies available to them as third-party beneficiaries of the Written Assurance.

Dated:_____

_____
Signature

_____
Printed Name

_____
Firm

_____
Address

_____
City

_____
State, Zip Code

_____
Telephone Number

_____
Case Name

Subscribed and sworn to before me this _____ day of _____, 200___.

_____
Notary Public

_____
State

My commission expires:

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

VERONICA JOHNSON, INDIVIDUALLY, AND
AS PERSONAL REPRESENTATIVE OF THE WRONGFUL
DEATH BENEFICIARIES OF
BRANDON T. JOHNSON, SR., DECEASED, AND
AS MOTHER AND NEXT FRIEND OF BRANDON
T. JOHNSON, A MINOR AND AS MOTHER AND
NEXT FRIEND OF JULIAN JOHNSON, A MINOR                    PLAINTIFF

VERSUS                                              NO. 2:09cv113-M-S

HANKOOK TIRE MFG. CO., LTD, a
foreign corporation; HANKOOK TIRE AMERICA CORP.,
a foreign corporation; FORD MOTOR COMPANY,
a foreign corporation; AND
JOHN DOES 1-10                                            DEFENDANTS

# EXHIBIT "B"

**AFFIDAVIT OF** _____, being duly sworn and personally appearing before the undersigned attesting officer, duly authorized by law to administer oaths, deposes and says that the within statements are true and correct:

1. I have read the Stipulated Confidentiality Agreement and Protective Order attached hereto and I understand its terms and meanings.

2. In compliance with the attached Confidentiality Agreement and Protective Order, I have either returned all copies of CONFIDENTIAL INFORMATION or destroyed all copies of CONFIDENTIAL INFORMATION pursuant to paragraph 14.

2. I agree that my signature below submits me to the jurisdiction of the United States District Court, Northern District of Mississippi, Delta Division, in which the action of *Veronica Johnson, et al. v. Hankook Tire Mfg. Co., Ltd., et al.*, is pending, and binds me to the provisions of

the Stipulated Protective Order, including to all promises undertaken in the Order, as if originally agreed by me.

**FURTHER AFFIANT SAYETH NOT:**

This the _____ day of _____20\_\_.

_____
Signature

SUBSCRIBED AND SWORN to before me this the _____ day of _____, 20\_\_.

_____
NOTARY PUBLIC

My Commission Expires:

Jackson 5772492v1