IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

| | |
|---|---|
| VERONICA JOHNSON | PLAINTIFF |
| V. | CIVIL ACTION NO.2:09CV113-MPM-DAS |
| HANKOOK TIRE MFG., CO., LTD., et al. | DEFENDANTS |
| CONSOLIDATED WITH | |
| VERONICA JOHNSON | PLAINTIFF |
| V. | CIVIL ACTION NO.2:10CV184-MPM-DAS |
| MICHELIN NORTH AMERICA, INC. | DEFENDANTS |

ORDER GRANTING MOTION TO INTERVENE AND OTHER RELIEF

Cooper Tire & Rubber Company has moved to intervene in this action as a matter of right pursuant to Rule 24 of the Federal Rules of Civil Procedure. Cooper Tire asserts that Bruce Currie, the plaintiff's expert witness, and a former employee of Cooper Tire, disclosed its trade secrets and other confidential information during his deposition in this action. Currie worked for Cooper Tire for over thirty years. He signed a confidentiality agreement during his employment with Cooper Tire and in connection with two periods of contract work after his retirement. He has consulted with Cooper Tire on its product liability litigation. The defendants have interposed no objection to the intervention, but the plaintiff has contested the motion.

Cooper Tire has filed suit against Bruce Currie in Ohio for this alleged trade secret testimony and for violating confidentiality agreements with the company. *Cooper Tire & Rubber Co. v. Bruce A. Currie*, Court of Common Pleas of Hancock County, Ohio, Case No. 2012-cv-521. The Ohio court, finding that Cooper Tire did not need to prove a past violation of

its trade secrets, granted a preliminary injunction against Currie to prevent threatened future disclosure of Cooper Tire trade secrets. A copy of that court's order is attached to this order as Exhibit A.

## STANDARD FOR INTERVENTION

The plaintiff objects to Cooper Tire's motion to intervene. She concedes two of the four elements that Cooper Tire must show in order to intervene as a matter of right. The plaintiff does not challenge either the timeliness of the motion or that Cooper Tire's interests will not be adequately protected by any existing party.

The plaintiff disputes that Cooper Tire has shown either of the two remaining elements: 1) "an interest related to the property or transaction which is the subject of the action;" and; 2) that it "is so situated that the disposition of the action may as a practical matter impair or impede" its "ability to protect that interest." Fed. R. Civ. P. 24. The plaintiff argues that Cooper Tire has elected to pursue it remedies against Currie in Ohio and should not be allowed to intervene in this action. Cooper Tire counters that only this court can order additional redactions or other remedies in connection with the discovery in this case.

Cooper Tire has no interest in the overall subject matter of this litigation, nor does it claim such an interest. It will not be affected by the final adjudication or resolution of the plaintiff's claims against its competitors. Rather Cooper Tire seeks to intervene only as to the discovery issues, arguing that it needs the assistance of the court to protect its confidential trade secrets, to prevent further dissemination of the information, and to claw back depositions

2

containing that information.[1] The plaintiff's primary argument is substantive--that no confidential trade secrets were disclosed by Currie's testimony.

There is precedent for allowing intervention where a third party seeks court protection for its otherwise discoverable information and documents, whether the third party seeks to assert a privilege to prevent any disclosure or a confidentiality order to protect its information from public disclosure. For example, in *U.S. v. AT&T, Co.*, 642 F. 2d 1285 (D.C. Cir. 1980), MCI sought to intervene in the government anti-trust action to assert its work product claim for information it had shared with the government. MCI had instituted it own, earlier private anti-trust action against AT&T. In its litigation, it developed a database of documents produced by AT&T, depositions, deposition abstracts, and explanatory information. Access to MCI's database would reveal the mental impressions and analysis and theories of its counsel. When the United States decided to pursue its own anti-trust action, it sought and obtained a modification of the protective order in the MCI action and thereby gained access to MCI's work product.

When AT&T sought MCI's database information from the United States in the government anti-trust litigation, MCI sought to intervene. The district court found the United States had waived its work product privilege and that it could not assert MCI's work product claim. It ordered production of the database information and analysis to AT&T and denied MCI's motion to intervene. The Court of Appeals for the District of Columbia reversed, finding that MCI was entitled to intervene, though it lacked an interest in the overall subject matter of the suit. "To bar intervention for collateral discovery issues, merely because they do not concern

---

[1] Cooper Tire also sought access to the unredacted version of Currie's deposition. By agreement of all parties, this version of the deposition was provided to Cooper Tire and used by it in its Ohio litigation against Currie.

the subject matter of the overall action would in many cases defeat the general purpose of intervention." *AT&T,* 642 F.2d at 1292.  In the absence of intervention, legally protected interests such as the work product privilege, could be impaired or even destroyed by a court's discovery order without the holder of such interest having any opportunity to be heard.

Similarly, the Federal Court of Claims allowed ArmorWorks, LLC, to intervene, only for the purpose of discovery, in the contract action between its competitor Armour of America (AOA) and the United States.  *Armour of America v. U.S.,* 70 Fed. Cl. 240 (2006).  Armour of America was originally awarded a military procurement contract.  After the government terminated its contract with AOA, ArmorWork won the new contract.  During AOA's suit alleging wrongful termination of the contract by the United States, defense counsel advised ArmorWorks that certain documents it had deemed proprietary, had been inadvertently produced to AOA.  ArmorWorks sought to intervene to protect its trade secrets.  The court found that the interest necessary to support an intervention must be "one which the *substantive* law recognizes as belonging to the applicant."  *Armour of America*, 70 Fed. Cl.at 243 (quoting *New Orleans Public Serv. v. United Gas Pipe Line.,* 732 F. 2d 452, 464 (5th Cir. 1984)).  The court held that because "trade secrets and other confidential proprietary information that ArmorWorks" sought "to protect are clearly owned by ArmorWorks and constitute a property interest of ArmorWorks" a sufficient interest existed to support the intervention.

Accordingly, it is clear that trade secret information is a sufficient interest to justify intervention in an action, and after considering the matter, the court finds the motion for limited intervention should be granted.

## ADJUDICATION OF TRADE SECRETS ISSUE

Both Cooper Tire and the plaintiff appear to assume in their arguments, that the court must reach the ultimate issue – whether the excerpted testimony in fact reveals trade secrets. The court finds such an undertaking is both ill-advised and inconsistent with concerns for judicial economy and fairness. This court cannot make this determination on the present record. Both sides have presented affidavits and other evidence that precludes summary disposition. A hearing with presentation of fact and expert testimony, as demonstrated by the Ohio court's two-day hearing on the motion for preliminary injunction, would be expensive for all involved. It would also be an unmerited duplication of the Ohio court's effort. The court also notes that without Currie's involvement in this action, there is a question of the fairness in making such an adjudication.

The court finds that it does not need to adjudicate the trade secrets issue in order to afford available relief to Cooper Tire. Federal courts routinely employ protective orders upon a "threshold showing of good cause." *Amour of America v. U.S.*, 73 Fed. Cl. 597, 599 (Ct.Cl. 2006). Here Cooper Tire has provided extensive affidavits that far exceed the showing typically required for the entry of a protective order. The protection afforded by those orders provides efficiency and removes the burden on the courts of making document by document determinations on claims of various privileges, particularly where those determinations may ultimately prove to be unnecessary. Cooper Tire has requested an amendment to the confidentiality order and filed its list of requested redactions with the court. [Docket entry 350-1]. The court finds that the existing confidentiality order should be amended to provide the same protection to Cooper Tire's information as has been made available to the defendants.

Providing the protection of the confidentiality order without adjudicating the underlying claim is particularly appropriate because the Cooper Tire intervention and its objections to Currie's testimony, while important to Cooper Tire, is collateral to, and touches, if at all, only tangentially on the issues in the main case.  Having reviewed the portions of Currie's testimony that Cooper Tire designates as confidential, the court doubts that either side is likely to offer much, if any, of this testimony at trial.  In the interest of judicial economy, the court finds that it should only consider whether such testimony reveals trade secrets, if and when, some party to this litigation indicates an intention to offer it at
trial.  *Armour of America*, 73 Fed. Cl. at 600.

## CLAW BACK RELIEF

Cooper Tire has asked the court to provide it with relief allowing it to claw back the depositions containing the contested parts of Currie's testimony.  The court cannot discern how this can be accomplished.

In *Bradley v. Cooper Tire & Rubber Company*, 2008 WL 5156616 (S.D. Miss.  Dec. 5, 2008), our sister court was confronted with the inadvertent disclosure of confidential trial exhibits through its clerk's office.  The trial exhibits were marked confidential by Cooper Tire.  The envelope was marked "Sealed," but the physical sealing of the envelope was not done, as required for sealing those exhibits.  The result was that third persons gained access to these exhibits with the unwitting assistance of clerk's office personnel.   Because any third party, retrieving the documents was on notice of the claim of confidentiality and the existence of the protective order, and because they had either personally, or through an agent, accessed the documents at the clerk's office, the court found that such third persons had subjected themselves

to the jurisdiction of the court. The court noted that attempts to claw back the exhibits might prove unproductive and warned Cooper Tire that its efforts to claw back the exhibits might have the counter-productive effect of drawing attention to them. But, because of the court's jurisdiction to order relief, Cooper Tire was allowed to depose Bruce Kaster, counsel for the plaintiffs, both in *Bradley* and this case, to determine the extent of his knowledge of the distribution of the trial exhibits.

Here no protective order extended to the redacted depositions and its distribution was not in violation of any order of this court. No jurisdictional basis for the court ordering relief against any third parties has been shown by Cooper Tire, nor is any apparent to the court. The court, therefore, finds that it must decline, as futile, any attempt to undo what has been already done.

IT IS, THEREFORE, ORDERED AS FOLLOWS:

1. Cooper Tire & Rubber Company's motion for leave to supplement the record and file a supplemental memorandum is granted[373]. Cooper Tire has filed its supplement to the record and supplemental brief and the plaintiff has filed a supplemental response brief.

2. The plaintiffs' motion to correct and clarify Exhibit 2 and Exhibit 8 to its response is granted [351].

3. The motion of Cooper Tire to file the redacted transcript of the Currie deposition is granted [339]. This redacted transcript has been reviewed by the court in making its rulings.

4. Cooper Tire's motion to intervene is granted. The scope of the intervention is limited to the redactions ordered herein and to the filing of a motion *in limine*, if needed, to protect the redacted information at trial.

5. The pages and lines of Bruce Currie's deposition designated by Cooper Tire & Rubber Company as confidential trade secrets shall be treated as confidential information from this point forward. A copy of the redaction request is attached hereto as Exhibit B. Any further distribution of the Currie deposition shall either redact the pages and lines designated by Cooper Tire, or shall be disclosed only as "Confidential Information" as defined by the Confidentiality Order, [Docket No. 169], and subject to the same terms and conditions. Said order is amended to apply to these redactions.

6. Should the plaintiff or defendant wish to introduce any testimony by Currie that has been designated as confidential by Cooper Tire at the trial, they shall not later than twenty-one days before the final pre-trial conference provide Cooper Tire with written notification of the testimony to be offered. In the event of such notification, Cooper Tire may file a motion *in limine* within the time allowed for the filing of such motions.

7. For the reasons above stated, the court denies the request of Cooper Tire & Rubber to order discovery or the claw-back of the redacted Currie depositions.

SO ORDERED this the 22nd day of February, 2013.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE